**Stephen A. STEWART,**
**Plaintiff/Appellant,**

v.

**Steven J. DAVIES, Defendant/Appellee.**

**No. 91–1083.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Jan. 21, 1992.

Jeff Carter, Des Moines, Iowa, argued, for plaintiff/appellant.

Timothy J. Sear, Kansas City, Mo., argued (Asst. Attys. Gen., Thomas McGrane, Robert Stephan and Terry Hamblin on the brief), for defendant/appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGNUSON,[*] District Judge.

MAGNUSON, District Judge.

Stephen A. Stewart appeals from a final judgment entered in the United States District Court[1] for the Southern District of Iowa dismissing his petition for habeas corpus without a trial. Stewart argues that his transfer to Iowa and denial of access to rehabilitative programs violates his rights under the fourth, eighth, fifth and fourteenth amendments to the United States Constitution. For the following reason, we affirm the district court's judgment.

Stewart was convicted and sentenced in Kansas for voluntary manslaughter in 1977. Under Kansas law, Stewart becomes eligible for parole in June 1992. Kansas prison officials consider participation in re-

---

[*] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

habilitative programs in determining eligibility for parole.

Pursuant to the Interstate Corrections Compact, Stewart was transferred to Iowa State Penitentiary in Fort Madison, Iowa. Although Kansas law allows Stewart the possibility of parole in 1992, the same offense in Iowa gives him a determinate sentence of life in prison without parole. Because he would not be eligible for parole had his crime been committed in Iowa and sentence imposed in Iowa, Iowa prison officials have denied Stewart eligibility to rehabilitative programs.

Stewart argued that Iowa's denial of access to rehabilitative programs and possibility of parole violated liberty interests protected under the fourth and eighth amendments to the United States Constitution. Stewart further argued that his transfer and denial of access to rehabilitative programs violate due process rights under the fifth and fourteenth amendments to the United States Constitution.

Judge Wolle held that Stewart did not have a liberty interest in participating in rehabilitative programs or in the possibility of parole under the fourth and eighth amendments to the United States Constitution. Judge Wolle further held that Stewart did not have a due process interest in his transfer or in participating in rehabilitation programs under the fifth and fourteenth amendments to the United States Constitution.

■ In *Sellers v. Ciccone,* 530 F.2d 199 (8th Cir.1976), this court recognized prison officials' discretion to determine eligibility for rehabilitation programs absent arbitrariness or caprice. 530 F.2d at 204. The Iowa prison officials made their determination of eligibility for rehabilitation programs based upon types of sentences received under Iowa law. These determinations were not arbitrary and capricious. Stewart did not, therefore, have a liberty interest in eligibility for parole or participation in the rehabilitative programs under the fourth, eighth or fifth amendments to the United States Constitution.

The United States Supreme Court has held that there is no constitutional right to parole. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The denial of rehabilitative programs could not have violated, therefore, any right to a possibility of parole.

■ In *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the United States Supreme Court held that the discretionary transfer of a prisoner from one institution to a substantially less agreeable prison does not invoke the protection of the Due Process Clause. 427 U.S. at 225, 96 S.Ct. at 2538. Kansas officials did not, therefore, violate Stewart's right to due process of law by transferring him to Iowa.

We conclude, therefore, that the district court did not err in finding that Stewart had no due process right to or liberty interest in participation in rehabilitative programs or in a possibility of parole. We further conclude that the district court did not err in finding that Stewart's transfer to Iowa did not violate due process of law.

Accordingly, the district court's judgment is affirmed.