978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James JOHNSON; Plaintiff-Appellant
Dennis CORDES; Plaintiff
Michael BOWDEN; Herbert Phillip Malone; Plaintiffs-Appellants
Ford E. STRAFACI; Plaintiff
Michael Ray KIRBY; Kenneth Kimbrew; James I. Kennedy;
David E. Klingensmith; Harold W. Wood; Floyd
Williams; Plaintiffs-Appellants
Wayne STEWART; Plaintiff
Samual BILLINGSLEY; Albert Harris; Arthur Lee Hattison;
Percy Alexander; Wilbert Randall Plaintiffs-Appellants
v.
Bill CLINTON, Governor; J.W. McCuen, also known as Bill
McCuen, Secretary of State; Frank King; Nancy Talburt,
Arkansas State Parole Commission; A.L. Lockhart, Director;
Melba Smith, Records Office Supervisor, Cummins Unit; Terry
Campbell, Administrator; Mike Gains, Chairman, AR State
Parole & Rehabilitation Defendants-Appellees
 No. 92-2074.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 28, 1992.
Filed: November 2, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs, Arkansas inmates, appeal from the district court's[1] dismissal of their 42 U.S.C. § 1983 action.
 
 
 2
 Plaintiffs argue that the district court erred in dismissing their claim based on the inadequacy or absence of rehabilitative programs. Upon careful review of the record, we conclude that the district court correctly dismissed plaintiffs' claim. One of the plaintiffs acknowledged at the evidentiary hearing that the Arkansas Department of Correction had rehabilitative programs available, although he was not eligible for all of them. An inmate has no federal constitutional liberty interest in eligibility for rehabilitative programs. Stewart v. Davies, 954 F.2d 515, 516 (8th Cir. 1992). Further, the Arkansas statutes cited by plaintiffs do not create a liberty interest, because the statutes do not place substantive limitations on official discretion regarding rehabilitative programs. See Dace v. Mickelson, 816 F.2d 1277, 1279-81 (8th Cir. 1987) (en banc).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas